IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VERTIE BYRD,                        )
                                    )
                 Plaintiff,         )
                                    )
        v.                          )  Civil Action No. 11-175
                                    )
MICHAEL J. ASTRUE,                  )
COMMISSIONER OF                     )
SOCIAL SECURITY,                    )
                                    )
                 Defendant.         )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this _____8/2_____ day of August, 2012, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, granted, and the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, denied. The case will be remanded to the Commissioner for further proceedings consistent with this Memorandum Judgment Order pursuant to sentence 4 of 42 U.S.C. §405(g).

When the Commissioner determines that a claimant is not disabled within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind

AO 72
(Rev. 8/82)

might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000), quoting, Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed. . . .'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003), quoting, Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979). These well-established principles dictate that the court remand this case to the Commissioner for further proceedings.

Plaintiff filed her application for SSI on December 14, 2007, alleging disability beginning on August 28, 2007, due to bipolar disorder and vaginal bleeding. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on October 15, 2009. On November 19, 2009, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on December 28, 2010, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has an eighth grade education, was 50 years

old when she filed her application and is classified as an individual closely approaching advanced age under the regulations. 20 C.F.R. §416.963(d). Plaintiff does not have any past relevant work experience, and she has not engaged in substantial gainful activity at any time since filing her application.

After reviewing plaintiff's medical records and hearing testimony from plaintiff at the hearing, the ALJ found that she suffers from the severe impairments of bipolar disorder and substance addiction disorder. However, the ALJ determined that plaintiff's impairments, either alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform work at all exertional levels, but she is limited by certain non-exertional limitations. Plaintiff is limited to working in a low stress environment, which requires the performance of simple, routine and repetitive tasks. In addition, plaintiff is limited to no more than minimal contact with the general public (collectively, the "RFC Finding").

Based on testimony by a vocational expert, the ALJ concluded that plaintiff's vocational factors and residual functional capacity allow her to perform work that exists in significant numbers in the national economy, such as a stock clerk, office cleaner or hotel/motel clerk. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

⏎AO 72
(Rev. 8/82)

- 3 -

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months.   42 U.S.C. §1382c(a)(3)(A).   The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."   42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled.   The ALJ must determine:   (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity.   20 C.F.R. § 416.920(a)(4).   If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary.   Id.

Here, plaintiff challenges the ALJ's decision that she has the residual functional capacity to perform work that exists in the national economy on the following grounds: (1) the ALJ failed to consider dozens of GAF scores provided by her treating sources,

which demonstrate that she has a serious impairment in her ability to function; and, (2) as a result, the ALJ's RFC Finding did not account for all of her mental health limitations.   After reviewing the ALJ's decision and the record, the court finds that this case must be remanded for consideration of plaintiff's GAF scores and how, if at all, that evidence may affect the ALJ's assessment of her residual functional capacity.

Plaintiff's primary complaint is that the ALJ did not fully consider dozens of GAF scores provided by her treating sources. The GAF scale, designed by the American Psychiatric Association, is used by "mental health clinicians and doctors to rate the social, occupational and psychological functioning of adults." Irizarry v. Barnhart, 233 Fed. Appx. 189, 190, n.1 (3d Cir. 2007). The GAF scale considers these areas of functioning on a hypothetical continuum of mental health to illness.  See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV-TR) (2000).   The highest possible score is 100 and the lowest is 1.

The medical evidence of record indicates that plaintiff was admitted to UPMC McKeesport hospital in February 2008 due to suicidal ideation.   (R. 155).   After examining plaintiff and taking her history, the admitting physician assessed plaintiff's GAF score at 25, which indicates that one's behavior is

considerably influenced by delusions or hallucinations.[1]   (R. 156).   The discharging physician rated plaintiff's GAF score at 40, which indicates some impairment in reality testing or communication or a major impairment in several areas.[2] (R. 153).

Subsequently, in March 2008, plaintiff was admitted to Jefferson Regional Medical Center because she was hearing voices that were telling her to cut herself.  (R. 160).  At that time, the admitting physician rated plaintiff's GAF score at 30.  (R. 160).

Following those two hospital admissions, plaintiff attended treatment sessions at Mercy Heritage of Hope during 2008 and 2009. The progress notes from Mercy contain approximately 50 GAF score ratings, ranging from a low of 40 to a high of 50.  (R. 183, 186, 194, 196, 206, 208, 218, 227, 229, 234, 238, 240, 243, 246, 252, 254, 257, 260, 262, 265, 268, 270, 272, 275, 277, 279, 281, 283, 289, 293, 295, 297, 299, 301, 303, 305, 307, 309, 311, 313, 315, 318, 320, 322, 324, 326, 331, 335, 337, 344).   At best,

---

[1]A GAF score of 21-30 indicates that an individual's behavior is considerably influenced by delusions or hallucinations or serious impairment in communication or judgment (e.g., sometimes incoherent, acts grossly inappropriately, suicidal preoccupation), or indicates an inability to function in almost all areas (e.g., stays in bed all day, no job, home or friends).

[2]A GAF score of 31-40 indicates that an individual has some impairment in reality testing or communication (e.g., speech is at times illogical, obscure or irrelevant), or major impairment in several areas, such as work or school, family relations, judgment, thinking or mood (e.g., depressed adult avoids friends, neglects family and is unable to work).

plaintiff's highest GAF score of 50 indicates serious symptoms.[3]

As the Commissioner correctly notes, GAF scores do not have a direct correlation to the severity requirements of the Social Security mental disorder listings, and therefore a low GAF score is not conclusive evidence of a mental disability. See Gilroy v. Astrue, 351 Fed. Appx. 714, 715 (3d Cir. 2009). Nevertheless, GAF scores are considered to be medical evidence that may inform the ALJ's judgment of whether a claimant is disabled. See Irizarry, 223 Fed. Appx. at 192; Rios v. Commissioner of Social Security, 444 Fed. Appx. 532, 535 (3d Cir. 2011); Colon v. Barnhart; 424 F.Supp.2d 805, 814 (E.D. Pa. 2006). As such, GAF scores "must be addressed by an ALJ in making a determination regarding a claimant's disability." Colon, 424 F.Supp.2d at 812; see also, Wiggers v. Astrue, 2010 WL 1904015, at *8 (W.D. Pa. May 10, 2010). Although an ALJ must address GAF scores, like any other evidence in a social security case, he may discount those scores or give them little weight if they are inconsistent with the record as a whole, so long as he explains his decision in that regard. See Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994) (stating that an ALJ "may properly accept some parts of the medical evidence and reject other parts, but she must consider all the evidence and give some reason for discounting the evidence she rejects").

In this case, although plaintiff's treatment providers rated

---

[3]A GAF score of 41-50 indicates serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting), or any serious impairment in social, occupational or school functioning (e.g., no friends, unable to keep a job).

AO 72
(Rev. 8/82)

her GAF score at least 50 times, the ALJ did not even mention, let alone address, plaintiff's GAF scores that indicated serious, and on two occasions major, impairment in social, occupational and psychological functioning. Because the ALJ did not consider all of the relevant medical evidence, his decision is not supported by substantial evidence, and this case must be remanded for additional proceedings. See Irizarry, 223 Fed. Appx. at 192-93.

On remand, the ALJ must specifically consider plaintiff's GAF scores and indicate whether he accepts that evidence or explain why he rejects it. In addition, the ALJ must discuss what impact, if any, plaintiff's GAF scores have upon the assessment of her residual functional capacity.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this Memorandum Judgment Order.

Gustave Diamond
United States District Judge

cc:   Lindsay Fulton Osterhout, Esq.
      521 Cedar Way
      Suite 200
      Oakmont, PA 15139

      Paul Kovac
      Assistant U.S. Attorney
      700 Grant Street
      Suite 4000
      Pittsburgh, PA 15219